N'W YORK,
Jan. 1823.

The People
v.
Tilton.

---

# GENERAL SESSIONS.

## NEW YORK, DECEMBER, 1823.

*The People*
vs.
*Beau Jackson, Henry Foster, Richard Brown, and Joseph Robin.*
} GRAND LARCENY.

Present—Honourable *Richard Riker*, Recorder.

*Maxwell*, District Attorney, Counsel for The People.
*Price*, Counsel for the Prisoner.

It appeared by the testimony of witnesses that on the night of the 16th of November, 1823, the store of Messrs. Andrew Martine & Hall, No. 147 Chatham-street, was broken open, and a quantity of merchandize was taken therefrom. Three days afterwards part of the goods aforesaid were taken by Mr. Hays from 160 Duane-street, and another part from the possession of Seth Campbell, at the corner of Hester and Christie-streets, where it was proved they had been left: the former bundle by Jackson and Robin, and the latter by Brown and Foster. They were all apprehended by Mr. Graves, a watchman, at No. 85 Christie-street, who found upon them other property subsequently identified.

On an indictment for larceny of the goods of a firm, evidence may be given of the Christian name of one of the firm, after the counsel for the prisoner has summed up; and the to forward the end of public justice.

N'W YORK, Dec. 1823.

The People v. Jackson and others.

Mr. *Price,* their counsel, took an exception to the indictment. It charged the felony to have been committed by feloniously taking and carrying away the goods of " Andrew Martine and Edward Hall." The testimony having been received, Mr. Price summed up the evidence and contended that in point of fact the name " Andrew" had never been given in proof, and that it was too late to supply it now.* That it must be proved as laid; for if proved, for example, to be the property of " *William*" Martine, it could not sustain a verdict of guilty; and here there was a *hiatus* in the chain of testimony which it was too late to supply.

*Maxwell,* District Attorney, replied that Mr. Price was certainly mistaken; that he had proved the firm as laid in the indictment; but if he had omitted to ask the Christian name of Mr. Martine, the omission could be supplied at any time, even after the counsel had summed up.

The court were of the same opinion.

The jury requested to be informed by a witness relative to the first or Christian name of Mr. Martine. Mr. *Price* contended, toties viribus, that the admission of testimony for that purpose in this stage of the case, after the cause had been summed up, was not legal.

The objection was overruled by the court, and the question asked.

The prisoners were found guilty.

*Note.—The case of The Com'th v. Tamar Johnson, a black woman, tried before C. J. Tilghman in the Oyer and Terminer at Philadelphia, 1819, for the murder of her bastard child. The facts appeared as follows : A child was found in the sink of her necessary, which had the appearance of being strangled before it was thrown

there, and the evidence was positive that she was pregnant some time before the child was found.

*Peter A. Brown, Esq.* prosecuting counsel for The Commonwealth, in his examination of the witnesses omitted to ask the colour of the child.   Messrs. *Levy* and *Peters* took an advantage of this omission, and contended that it was a *white* child, and consequently could not be the child of the prisoner.

After the counsel for the prisoner had summed up, Judge Tilghman called up the coroner and asked him the colour of the child, observing that if it was white there was an end to the case.   The question was asked and answered without any objection being made by the counsel for the prisoner.   Indeed, it would be a disgrace to the law if the acquittal of a guilty person should rest on such a slight omission not at all referrable to the merits of the case.

It is observed by Mr. Christian, (4 Bl. Com. 356.) that, " the judge is counsel for the prisoner only for public justice, and to promote that object alone all his inquiries and attention ought to be directed.   Upon the trial of a *male* child the counsel for the prosecution concluded his case without asking the *sex* of the child, and the judge would not permit him afterwards to call a witness to prove it, but, in consequence of the omission, he directed the jury to acquit the prisoner.   But to the honor of that judge, it ought to be stated, he declared afterwards in private his regret for his conduct.   This case is well remembered, but it ought never to be cited but with reprobation."